IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EZEQUIEL FLORES, <br> TDCJ #01827843, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-17-0554 |

## **MEMORANDUM AND ORDER**

The petitioner, Ezequiel Flores (TDCJ #01827843), also known as Ezequiel Flores Rodriguez, is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Flores has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction that was entered against him in 2012. The respondent has answered with a motion for summary judgment, arguing that the petition is barred by the governing statute of limitations [Doc. # 10]. Flores has not filed a response and his time to do so has expired. After considering all of the pleadings and the applicable law, the Court grants the respondent's motion and dismisses this case for the reasons explained below.

**I.    BACKGROUND**

On July 24, 2011, a Harris County grand jury returned an indictment against Flores in cause number 1303266, charging him with aggravated assault with a deadly weapon, namely a firearm.[1] At trial, the State presented testimony from the victim, Morales Cruz Lorenzo ("Cruz"), who testified that he was shot in the back on April 18, 2011, while he was talking to Kimberly Motino in the parking lot of her apartment complex, where Flores also resided.[2] Motino identified Flores as the man who shot Cruz from the balcony of his apartment after Flores and Cruz exchanged words.[3] Cruz was paralyzed and confined to a wheelchair as a result of the gunshot wound.[4] Officer Jim Simmons recovered ammunition from the apartment where Flores was staying and a shell-casing which matched that ammunition near the balcony where Flores had been standing.[5]

---

[1]   Indictment [Doc. # 11-1], at 17. For purposes of identification, page references reflect the number assigned to the docket entry by the Court's electronic filing system, CM/ECF.

[2]   Court Reporter's Record, vol. 3 [Doc. # 11-13], at 24-27.

[3]   *Id.* at 97-99, 119-22, 126-27.

[4]   *Id.* at 27-30.

[5]   *Id*. at 66, 75-76.

On December 12, 2012, a jury in the 174th District Court of Harris County, Texas, found Flores guilty as charged in the indictment.[6] That same day, the jury sentenced Flores to serve 20 years in prison.[7]

Flores's conviction was affirmed on direct appeal in an unpublished opinion. *See Flores v. State*, No. 14-12-01138-CR, 2013 WL 6405692 (Tex. App. — Houston [14th Dist.] Dec. 5, 2013, no pet.). Because Flores did not appeal further by seeking a petition for discretionary review from the Texas Court of Criminal Appeals, his conviction became final thirty days later on January 6, 2014. *See* Tex. R. App. P. 68.2(A).

In a petition that was placed in the prison mail system for filing on December 24, 2016, Flores now contends that he is entitled to relief from his conviction for the following reasons: (1) he is actually innocent; (2) he was denied effective assistance of counsel because his attorney failed to interview two witnesses (Jeremias Flores and David Aguilar, also known as David Avila); and (3) he was denied effective assistance of counsel at trial because his attorney failed to adequately cross-examine Officer

---

[6] Verdict [Doc. # 11-4], at 73.

[7] Verdict on Punishment [Doc. # 11-4], at 84.

3

Simmons.[8] The respondent maintains that federal habeas review of these claims is barred because the petition is untimely.

**II.    DISCUSSION**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which provides that all federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). Because the petitioner challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

As the respondent correctly notes, the judgment of conviction against Flores became final on January 6, 2014, when his time expired to pursue a petition for discretionary review. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (holding that a Texas conviction becomes final for limitations purposes when the time for seeking further direct review expires). That date triggered the statute of limitations for federal habeas corpus review, which expired one year later on January 6, 2015. *See* 28 U.S.C. § 2244(d)(1)(A). Thus, the pending habeas corpus petition, filed by

---

[8]    *Id.* at 6-7, 11.

Flores on December 24, 2016, is barred from federal review unless a statutory or equitable exception applies to toll the limitations period.

A. **Statutory Tolling**

A habeas petitioner may be entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which excludes from the AEDPA limitations period a "properly filed application for [s]tate post-conviction or other collateral review." A state application for collateral review is "*properly* filed" for purposes of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). In other words, "a properly filed [state] application [for collateral review] is one submitted according to the state's procedural requirements." *Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006) (quoting *Lookingbill v. Cockrell*, 293 F.3d 256, 260 (5th Cir. 2002)).

The record shows that Flores filed three state habeas corpus applications to challenge his conviction on collateral review. The Texas Court of Criminal Appeals dismissed the first application because Flores filed it while his direct appeal was still pending.[9] Because this application was not "properly filed" in compliance with state procedure, it does not toll the statute of limitations. *See Larry v. Dretke*, 361 F.3d 890

---

[9] *See Ex parte Flores*, Writ No. 81,161-01 [Doc. # 12-14], at 1.

(5th Cir. 2004) (holding that a state habeas application, which was dismissed because the defendant's direct appeal was still pending, was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2)).

Flores filed a second state habeas application on or about December 7, 2014,[10] which the Texas Court of Criminal Appeals denied 151 days later on May 6, 2015.[11] This application tolled the statute of limitations while that application was pending for purposes of § 2244(d)(2), which extended the deadline for seeking federal review until June 8, 2015. Even with this extension of time, however, the federal petition that Flores filed on December 24, 2016 remains late by more than a year.

Flores filed a third state habeas corpus application on June 28, 2016,[12] which the Texas Court of Criminal Appeals dismissed on November 2, 2016, as an abuse of the writ in violation of Article 11.07, § 4(a) of the Texas Code of Criminal Procedure.[13] This application does not qualify for tolling under § 2244(d)(2) because

---

[10] See Application for a Writ of Habeas Corpus Under Article 11.07 of the Texas Code of Criminal Procedure [Doc. # 12-19], at 6-22.

[11] See Ex parte Flores, Writ No. 81,161-02 [Doc. # 12-18], at 1.

[12] See Application for a Writ of Habeas Corpus Under Article 11.07 of the Texas Code of Criminal Procedure [Doc. # 13-7], at 5-21.

[13] See Ex parte Flores, Writ No. 81,161-03 [Doc. # 13-6], at 1.

it was filed well after the federal limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Flores has not filed a response to the motion for summary judgment and he does not otherwise show that he is entitled to additional statutory tolling. Flores does not allege facts showing that state action impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor does there appear to be a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, statutory tolling does not save Flores's late-filed federal petition.

### B. Equitable Tolling

The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is an extraordinary remedy which is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Supreme Court has clarified that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Flores does not make an effort to demonstrate that he has pursued federal relief with diligence or that equitable tolling is available. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). In that respect, the record shows that Flores allowed more than a year to elapse between the time that his second habeas corpus application was denied on May 6, 2015, and his third state habeas corpus application was filed on June 28, 2016. Flores offers no explanation for his delay. Equitable tolling is not available where the petitioner squanders his federal limitations period. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

The petition filed by Flores includes a claim that he is actually innocent. Actual innocence, if proven, would afford a gateway for review of a petition that is procedurally barred by the expiration of the AEDPA statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 133 S. Ct. 1924, 1928 (2013). To make a credible actual-innocence claim in this context, however, a habeas petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The petitioner must show, moreover, that "it is more likely than not that no reasonable juror would have

8

convicted him in the light of the new evidence." *Id.* at 327; *see also McQuiggin*, 133 S. Ct. at 1935 (emphasizing that, to overcome the procedural bar, a petitioner must satisfy the *Schlup* standard by showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence"). Flores does not make the requisite showing in this case.

In support of his actual-innocence claim, Flores presents an unsworn, undated, unnotarized, and untranslated statement in Spanish from his brother, Jeremias Flores ("Jeremias").[14] According to Flores, Jeremias states that, if he had been interviewed by defense counsel, he would have told him that "[Flores] did not shoot anyone on that day or at that time" as alleged by the State because Jeremias and another individual named David Aguilar were with Flores in their apartment when Jeremias heard the shots.[15]

The unsworn statement provided by Flores is of questionable value for reasons outlined by the Supreme Court in *McQuiggin*. The record shows that Jeremias was present at the trial in 2012,[16] but that Flores waited several years until June 28, 2016, to raise an actual-innocence claim and present his brother's unsworn statement in state

---

[14]   Statement [Doc. # 1], at 11.

[15]   *See* Memorandum in Support [Doc. # 2], at 6 (summarizing the statement).

[16]   *See* Court Reporter's Record, vol. 3 [Doc. # 11-13], at 165-66.

court.[17] Flores offers no explanation for his failure to present this evidence sooner.[18] His unjustified delay in presenting the statement bears on the reliability of this new evidence. *McQuiggin*, 133 S. Ct. at 1936 (stating that unjustifiable delay in presenting an actual-innocence claim "is a factor bearing on the reliability of the evidence purporting to show actual innocence"). An unsworn statement does not otherwise constitute reliable evidence of the sort required by *Schlup* and is insufficient to demonstrate actual innocence. *See, e.g., Teahan v. Almager*, 383 F. App'x 615, 615 (9th Cir. 2010) (holding that unsworn statements of purported alibi witnesses were insufficient to establish actual innocence); *Kincy v. Dretke*, 92 F. App'x 87, 93 n.8 (5th Cir. 2004) (rejecting an actual-innocence claim where the only evidence consisted of "highly debatable, unsworn statements").

---

[17] *See* Application for a Writ of Habeas Corpus Under Article 11.07 of the Texas Code of Criminal Procedure [Doc. # 13-7], at 8, 10, 23.

[18] Although Flores argued in his second state habeas corpus application that his defense counsel was ineffective for failing to investigate or interview Jeremias Flores and David Aguilar, defense counsel responded that Flores never gave him the names of any potential witnesses. *See* Affidavit in Response to Writ of Habeas Corpus [Doc. # 12-19], at 63-64. The state habeas corpus court, which also presided over the trial, found defense counsel's affidavit to be "credible" and rejected Flores's ineffective-assistance claim. *See* Findings of Fact and Conclusions of Law [Doc. # 12-19], at 71, 72-74. Flores does not overcome the state court's fact findings, which are presumed correct under 28 U.S.C. § 2254(e)(1), or demonstrate that its ultimate conclusion was objectively unreasonable under the deferential standard that applies on federal habeas review. *See Harrington v. Richter*, 562 U.S. 86, 103-04 (2011).

Likewise, the statement and the information that it purportedly contains does not qualify as newly discovered evidence. In that regard, Flores testified in his own defense at trial that he was with his brother and his friend (David Aguilar), on the night of the shooting, and he denied shooting anyone.[19] The jury chose to believe the State's witnesses. Considering all of the evidence that was presented at trial, Flores does not show that no reasonable juror would have found him guilty in light of the new evidence he presents. As a result, he does not establish actual innocence or show that an equitable exception is available. The respondent's motion accordingly will be granted and the petition will be dismissed as barred by the governing one-year statute of limitations.

## III. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability under 28 U.S.C. § 2253(c)(2) when it enters a final order adverse to the applicant. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that the petitioner is not entitled to a certificate of appealability because jurists of reason would not debate whether the procedural ruling in this case was correct. *See Slack v.*

---

[19]    *See* Court Reporter's Record, vol. 3 [Doc. # 11-13], at 144-48.

*McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 10] is **GRANTED**.

2. The federal habeas corpus petition is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on November 16, 2017.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE